UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AVA ELECTRIS CANNIE, etc.,

        Plaintiff,

v.                                    CASE NO. 3:20-cv-1387-HES-JBT

REFIK WERNER ELER ESQ.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2).  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED**.

### I.    Background

The Court previously took the Motion under advisement and directed Plaintiff to file an amended complaint that cured the deficiencies set forth in the prior Order

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

(Doc. 4).  In the initial Complaint, Plaintiff was attempting to sue a court-appointed attorney who previously represented her in an ongoing criminal case in the Fourth Judicial Circuit Court in and for Duval County, Florida.[2]  (Doc. 1.)  Plaintiff alleged that Defendant violated several of her constitutional rights by having her found incompetent in the criminal case, resulting in her lengthy stay in a "mental institution."[3]  (*Id.*)

The Court noted that, despite the various labels used in the Complaint, it appeared that Plaintiff was attempting to bring claims pursuant to 42 U.S.C. § 1983 based on Defendant's conduct while representing her in the criminal case, including his alleged ineffective assistance of counsel.  (Doc. 4 at 4.)  However, the Court informed Plaintiff that she had failed to sufficiently allege any such claim(s) because, in general, "[a] court-appointed criminal defense attorney fails to act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *See Witmer v. Flanagan*, Case No. 8:06-cv-200-T-23MAP, 2006 WL 8440162, at *1 (M.D. Fla. Nov. 28, 2006)

---

[2] Plaintiff attempted to remove the ongoing criminal case to this Court, and it was subsequently remanded.  *See State of Florida v. Cannie*, Case No. 3:20-cv-1355-HES-PDB.

[3] It appears that Plaintiff previously brought similar claims against Defendant in the Fourth Judicial Circuit Court in and for Duval County, Florida.  (Doc. 1 at 4.)  The Court previously took judicial notice of the court file in that case, *Cannie v. Eler*, Case No. 2019-CA-7205.  In that case, Defendant moved to dismiss Plaintiff's claims.  That court granted the motion and dismissed the claims with prejudice.  However, two days prior to entry of that order, Plaintiff filed a notice of voluntary dismissal without prejudice of those claims.  She then filed the instant case.

(dismissing section 1983 claims against a court-appointed criminal defense attorney based on alleged ineffective assistance of counsel and malpractice).

The Court also noted that the Complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2) because it was not a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 4 at 4–5.) Rather, it consisted largely of legal argument and quotations from legal authority, and it attached over 300 pages of seemingly random documents. (*See* Doc. 1.)

Plaintiff then filed the Amended Complaint (Doc. 5). The undersigned recommends that even liberally construed, the Amended Complaint, which is substantially similar to the initial Complaint, does not cure the aforementioned deficiencies. Thus, the undersigned recommends that the Motion be denied and the case be dismissed.

## II.     Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

3

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[4]  As such, even *pro se* complaints that are

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

"disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III.  Analysis

The undersigned recommends that, even liberally construed, the Amended Complaint does not meet the above requirements and fails to cure the deficiencies set forth in the Court's prior Order.  The allegations in the Amended Complaint are substantially similar to those in the initial Complaint, i.e., that Plaintiff's court-appointed attorney in her state court criminal case violated her constitutional rights by having her found incompetent, resulting in her lengthy stay in a "mental institution." (Doc. 5.)  In response to the Court's prior Order, Plaintiff merely alleges that, because Defendant is a private attorney and not a state actor, her claims are brought under the U.S. Constitution and not under section 1983.  (*Id.* at 1–2.)

"The amendments to the U.S. Constitution do not allow freestanding claims pursuant to the amendments.  Instead, any cause of action for violation of the amendments must be brought through 42 U.S.C. § 1983." *Tani v. Walter Energy, Inc.*, Case No. 2:14-cv-890-WMA, 2014 WL 6473441, at *3 (N.D. Ala. Nov. 18, 2014) (dismissing constitutional claims against private parties).  Thus, to the extent Plaintiff attempts to bring claims against Defendant directly under the U.S. Constitution, the undersigned recommends that these claims are not cognizable.  Moreover, as set forth above, the undersigned recommends that Plaintiff fails to

state a claim under section 1983 because she has not sufficiently alleged that Defendant was acting under color of state law.[5]  *See Witmer*, 2006 WL 8440162, at *1.  Additionally, to the extent Plaintiff is attempting to state a claim for legal malpractice, the undersigned recommends that such a claim is not cognizable under section 1983.[6]  *See id.* ("Witmer's claims under the Sixth and Fourteenth Amendment essentially amount to allegations of malpractice, which is not cognizable as a Section 1983 claim.").  In short, the undersigned recommends that Plaintiff's allegations are insufficient to state any claim for relief.[7]

Further, Plaintiff has largely failed to cure the technical deficiencies noted in the Court's prior Order.  For example, the Amended Complaint still attaches nearly 300 pages of exhibits, which is inconsistent with Rule 8(a)(2).  (*See* Doc. 5.) Additionally, the Amended Complaint still contains lengthy explanations of legal authority even though Plaintiff was previously instructed that this is inappropriate

---

[5] Plaintiff has not sufficiently alleged that Defendant "engaged in a conspiracy with state actors" as required to show that he acted under color of state law.  *See Witmer*, 2006 WL 8440162, at *2.  Plaintiff's allegations that Defendant conspired with two doctors to have her found incompetent are entirely conclusory and thus insufficient.  (*See* Doc. 5 at 7, 13–14.)

[6] Any such claim would also likely be barred by Florida's "exoneration rule," which requires that before bringing a malpractice claim, a "criminal defendant must obtain appellate or postconviction relief" and "prove his or her actual innocence of the crimes charged."  *See Cira v. Dillinger*, 903 So. 2d 367, 370–71 (Fla. Dist. Ct. App. 2005).

[7] To the extent any of Plaintiff's claims may be construed as state law claims, she has not alleged diversity jurisdiction.

in a complaint. (*Id.*; Doc. 4 at 4–5.)  In sum, Plaintiff has failed to cure the deficiencies identified in the prior Order.

## IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 2**) be **DENIED**.

2.      The case be **DISMISSED**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on March 1, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

*Pro se* Plaintiff

7